Good morning. Our first case for argument today is 23-2236 AGIS Software v. Stewart. Counsel, how do I say your name? Enrique Iturralde. Say it again. Enrique Iturralde. Iturralde? Yes. Okay. Mr. Iturralde, please proceed. Your Honor, may it please the Court. AGIS has submitted a number of arguments regarding a lack of substantial evidence in this appeal. First, I will take up arguments regarding determining coordinate limitations. The Board's decision refers to the determined coordinate limitations as limitations 1J and 1L. Petitioner and the Board relied on Makoto alone for these limitations. The Board's analysis for 1J is at Appendix 31 through 32 and for 1L at Appendix 33 through 34. Counsel, Makoto discloses the mobile device that meets all the limitations of the claim except it doesn't recite a vehicle. And Kaneshi recites a vehicle with a similar kind of device. So why isn't it very simple to combine the two with an expectation of success? Your Honor, thank you. First, respectfully, we would disagree that Makoto discloses all limitations for claim number 1 of 838 patent. In fact, with respect to the 838 patent, the determining coordinates limitation is not expressly disclosed in Makoto. And Petitioner and the Board attempt to find that limitation through inerrancy, through arguing that it's necessarily included. And there's no recitation at all within the Makoto reference of determining any coordinates whatsoever. And so that's the first argument that I'm going to take up. I believe Your Honor is going to... Counsel, I'm not sure. I mean, the Board didn't mention it was doing it through inherency. And at 826, citing Makoto at paragraph 2, the Board suggests that Makoto does disclose the coordinate limitations because a skilled artisan would have recognized the features from the Makoto disclosure. So that's not inherency so much as what a prior art reference discloses, which is a question of fact. Yes, Your Honor. Thank you. With respect to obviousness versus inherency here, there really is no dispute that the terms determining coordinates are not expressly disclosed in the Makoto reference. Well, do you think the words have to appear for something to be disclosed in a reference? I think that the coordinate is a specific term. And determining a location based on coordinates is actually sort of the gist of this invention here. And so in order to find... Let's put it this way. Makoto discloses a location. Location does not actually mean coordinates. Makoto doesn't say anything about coordinates at all. And so in order to get there, there has to be a necessarily present type of analysis here. There has to be an inherency. But there's evidence here that the GPS system operates by sending information that can be converted into coordinates.  And that the receiver in this case sends on data which is used ultimately to determine location, which data originated with the GPS. Isn't it a reasonable conclusion that as a matter of fact the data that's coming from the GPS is processed to produce coordinate information? Respectfully, Your Honor, the Makoto reference discloses sending signals from a GPS satellite to a mobile device or information... To the receiver of the device, right. Right. And there is a receiver in that device. Right. Now there are different types of receivers, right. And the record also includes different types of receivers. Dr. Teravine talks about different types of receivers. Now... But he acknowledges that it's very common for those receivers to convert that data into coordinate information, right? Dr. Teravine doesn't acknowledge that that's a common occurrence. And, in fact, we're looking at devices that existed around... Dr. Chatterty says as much, right. And I think Dr. Teravine says there can be such receivers that process GPS information and produce coordinate information. Your Honor, that's the point here is that it can exist, but it's not actually recited in... So what the board said, following up on Judge Bryson's point, is Dr. Chatterty testifies that a person of ordinary skill in the art would have understood so because this patent publication discloses a GPS receiver that constantly monitors and goes unexplained. So I don't know. I read the board's opinion as crediting Dr. Chatterty, who said that a person of skill in the art would have understood this GPS signal to disclose coordinates. So what do we do with that? So just to clarify, Your Honor, that finding by the board was with respect to limitation 1G, which is indicate coordinates. And under that analysis, the board was not actually looking for a GPS information that contained coordinates or included coordinates. Instead, the board was looking for what? An indication. An indication of coordinates. Okay, and so... Later on... What is the other limitation then? Because you said you were starting with 1G and... I said I was starting with 1J and 1L. 1J and 1L. I'm sorry. Go ahead. And so with 1J and 1L, the board refers back to the analysis for 1G, but the board fails to provide any explanation regarding the leap from indicating coordinates to determining coordinates. And so when the board is taking a look at and reviewing the record for indicating coordinates, it's got a whole different sort of frame of reference. It's looking for an indication, like you said, Your Honor. But 1J and 1L actually positively recite determining coordinates and then using those coordinates to place symbols that correspond to devices that are moving about in accurate geographic locations. And so that's sort of the difference there. Going back to your question, Judge Bryson, Makoto discloses signals that are sent from a GPS satellite to a device. Makoto has a device that has a receiver. There are multiple different types of receivers out there. Makoto doesn't explain anything about what type of receiver it has. This is a 2002 reference from a Japanese translation of a reference. And the receivers in mobile phones, I don't even know if they existed at the time. This just says that it has a GPS receiver, and it says nothing else about it. What it does say something—oh, sorry, Your Honor. Go ahead. It does get into—and the board doesn't really address this. Paragraphs 49 through 51, it says that the GPS receiver receives location information and sends it to the processor as it is. And so that tells us that the location information that is received in that GPS signal, which it's undisputed that the GPS signal itself does not contain coordinates. Those need to be determined by something. When you say contain coordinates, presumably the data coming from the GPS is in binary code, right? I mean, it's not going to say Washington, D.C. is at 77 west and 39 north, right? It's going to say something in a code, which then needs processing. The processing then produces, presumably, the coordinates. At least that's what Makoto is saying. Today, that's what happens, and let's say— But why isn't that entirely consistent with what Makoto is saying? That's what I'm having a problem with. Yeah, so Makoto does not explain—other than forwarding the raw GPS signal, the raw location information that it receives from the GPS signal, all it does is forward that information to a processor. It doesn't determine any coordinates. It doesn't say that it performs those actions. Well, the very paragraph that you're referring to, the paragraph 49, starts by explaining that the processing unit of the receiver, of the device, in the processing unit, the location information that comes in, the location information for the phone, is generated using GPS signals. And that is before we get to the point at which there is a conveyance as it is. So the information is processed, according to this paragraph, as I understand it, in the receiver unit of the mobile phone. Isn't that what it says? Paragraph 49, Your Honor, says that the processing unit 14 does that, does something with it. We don't know what it does. Makoto doesn't explain exactly what the process— But that's in the mobile phone device. —that it generates location information. So it's in the mobile phone device that the processing occurs, right? And that is before it's sent on. In the mobile processing device, correct, Your Honor. The information, location information, is received to the— Well, something is received from the GPS in some form. From the GPS satellite, correct. And that is processed to produce location information. But that's not coordinates, Your Honor. There's no— And so later on, if we look at— How do we know that's not coordinates? What is it—the fact that they don't use the word coordinate. What other kind of location information could it possibly be? It wouldn't be this thing is located two blocks south of the butcher shop, right? It could be directional. And actually, Your Honor, paragraphs 50 and 51 talk about this positional relationship between devices, which is not coordinates. Positional relationship means direction. It means left or right. Location information. And so— It doesn't refer to relationships. It's just location, where I am. It seems to me that one way or another, that's got to be in coordinate form. So, that's an argument of inherency, Your Honor. And that's what the Board relies on. It's that coordinates are necessarily present in location information. And paragraphs 50 and 51 discuss how the location information is actually what's received from the GPS satellite and then forwarded over to the processing unit. Counsel, you're using most of your rebuttal time. Would you like to save some? Yes, Your Honor. Thank you. Counsel, how do I say your name? Ms. Capraham. Ms. Capraham, please proceed. Good morning, Your Honors, and may it please the Court. Substantial evidence supports the Board's determination that Makoto does teach the term coordinates. Do you think that the Board found it disclosed? What do you think about inherency, obviousness? What do you think the Board found? So, the Board found that although Makoto does not expressly recite the term coordinates, based on the teachings in Makoto, and that's at paragraph 2 of Makoto, which is at 463, as well as the paragraphs we're just discussing right now, based on these paragraphs, as well as Dr. Chatterjee's testimony, that one of skill in the art would have understood that Makoto does teach indicating and determining coordinates, which is all that the claim requires. The claim does not require... Do you agree that indicating and determining are two different things, that something could indicate coordinates without necessarily determining them? There may be processing steps that first determine what the GPS signal indicates in terms of positional relationship, and then outputting that data into a map, say, like it does in Makoto in Figure 5. That may be part of the steps that's determining the positional data. That discrepancy wasn't discussed in particular detail, but what the Board found is that given these teachings, given the fact that this is the way GPS receivers work, and given that Dr. Terveen relied on GPS standards that also confirmed that this is how GPS receivers work, that given all of those teachings and given that testimony, the Board found that the Makoto reference does both indicate coordinates as well as determine coordinates based on these teachings. And my friend... Sorry, appellant keeps discussing the fact that other types of receivers could have been used or there's some other positional data, but AEGIS never presented any record evidence to support that testimony from Dr. Terveen. And because AEGIS' counsel has solely relied on this coordinates limitation in its opening argument, if the panel has no further questions, I will yield the rest of my time and ask that the court affirm decision flow. Okay, thank you. Two minutes for rebuttal. Your Honor, this case is very similar to the LBT versus Apple case that's recited in the reply brief, and Your Honor may be familiar with that case. In that case, the Board conducted an obviousness analysis, but essentially what Your Honor and Judge Prost sort of grilled the other attorneys on was the fact that this was really, at its essence, an inherency argument because the sort of technical features that were required of the GPS receiver were not actually disclosed in the reference about the GPS receiver. And so, Your Honor, I ask that you consider that, and I believe the appropriate course of action here would be to vacate and remand for an inherency analysis and also a full analysis that doesn't rely on indicating coordinates as opposed to the determining limitations that are actually at issue here. That's it, Your Honor. Okay, I thank both counsel. This case is taken as a submission.